IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-3288 |
| | ) | |
| SHARON D. MYERS, a/k/a | ) | |
| SHARON D. BECKHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District

By order of the Court, United States Marshal Kenneth Bohac was appointed to sell property which is at issue in this case. See Default Judgment of Foreclosure (d/e 9). On June 15, 2011, the United States Marshal's Report of Sale was filed. See d/e 17 (the Report).

The Court has examined the Report and finds that the Marshal has proceeded in accordance with all relevant terms and that the sale was fair. Furthermore, the Court finds:

1.  A notice, as required under 735 ILCS § 5/15-1507(c), was

given;

2. The terms of sale were fair and not unconscionable;

3. The sale was conducted fairly and without fraud;

4. Justice was done by the sale;

5. All redemption and reinstatement periods have expired without redemption or reinstatement having been made.

**THEREFORE**, it is ORDERED that:

A. The Report of Sale is approved;

B. The debt related to the property at issue, less the sale price of that property, results in a deficiency of $27,692.04 which is owed to the Plaintiff;

C. The U.S. Marshal will execute a deed to the holder of the Certificate of Sale at this time sufficient to convey title pursuant to 735 ILCS § 5/15-1509(a) and 28 U.S.C. § 2001;

D. The holder of the certificate of sale or deed issued pursuant to the Certificate shall be entitled to possession of the subject real estate on the 31st day after entry of this Opinion. In the event that possession is

withheld on the 31st day after entry of this Opinion, the U.S. Marshal is directed to evict and dispossess any person(s) from the subject real estate without further order or notice;

E. There is no just reason to delay enforcement of or appeal from this final Opinion;

F. The United States shall distribute proceeds from the sale in the manner provided herein and in the Judgment of Foreclosure previously approved by this Court as soon as practicable after entry of this Opinion.

This case is CLOSED.

IT IS SO ORDERED.

ENTER: June 17, 2011

FOR THE COURT:                          s/ Sue E. Myerscough
                                                         SUE E. MYERSCOUGH
                                             United States District Judge